

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00475-CR

MONTRAIL FERRELL TRUE NAME:                    APPELLANT
AKHENATUN KHALID EL-BEY[1]

V.

THE STATE OF TEXAS                                          STATE

----------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY
TRIAL COURT NO. 1354878

----------

---

[1]The record establishes that Montrail Ferrell was appellant's birth name but that he changed his name to Akhenatun Khalid El-Bey.

# MEMORANDUM OPINION[2]

----------

Appellant Montrail Ferrell, known now as Akhenatun Khalid El-Bey, appeals his Class B misdemeanor conviction for falsely identifying himself as a police officer.[3] We affirm.

The State charged appellant with falsely identifying himself as a police officer. Appellant waived his right to counsel and appeared pro se in the trial court.[4] He waived his right to a jury trial and pled not guilty. The State presented evidence supporting his guilt, and the trial court found him guilty. The court assessed his sentence at ninety days' confinement but suspended imposition of the sentence and placed him on community supervision. Appellant brought this appeal and thereafter received appointed counsel for the appeal.

Appellant's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, representing that there is nothing in the record that might arguably support this appeal. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by

---

[2]*See* Tex. R. App. P. 47.4.

[3]*See* Tex. Penal Code Ann. § 37.12(a), (e) (West 2011).

[4]The trial court ensured that appellant understood the charge against him and admonished him about the potential consequences of representing himself. *See Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008) (citing *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975)).

presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief.  *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*).  We gave appellant an opportunity to file a pro se response to counsel's brief, and he filed a document on October 29, 2015 that we construe as his response.  The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and appellant's pro se response.[5]  We agree with counsel that this appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we

---

[5]We have also reviewed a brief that appellant, acting without counsel's assistance, submitted to this court in November 2014.

grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 4, 2016

4